UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY S. FONTECCHIO,

    Plaintiff,                 CIVIL ACTION NO. 10-14762

  v.

                                 DISTRICT JUDGE GERALD E. ROSEN

                                 MAGISTRATE JUDGE MONA K. MAJZOUB
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there was substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work prior to March 31, 2003, when her insured status expired.

\* \* \*

    Plaintiff filed an application for Social Security disability insurance benefits on September 9, 2003, alleging that she had been disabled and unable to work since March 1, 2003, at age 49, due to anxiety, depression, post traumatic stress disorder and leg pain caused by varicose veins. Benefits were denied by the Social Security Administration (SSA). A requested <u>de</u> <u>novo</u> hearing was held on October 16, 2008 [1], before Administrative Law Judge

---

[1] An earlier hearing was held before Judge Wilenkin in September 2005, which resulted in a decision to deny disability benefits (TR 468-476). The Appeals Council on November 16, 2005,

(ALJ) Michael Wilenkin. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to perform a restricted range of sedentary work, including her past work as an religious education director, prior to March 31, 2003, when her insured status expired. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 54 years old at the time of the remanded administrative hearing (TR 54). She had been graduated from high school, and had attended college for four years (TR 69). Claimant had been employed as a religious education coordinator (TR 59). She was involved in a motor vehicle accident in 1988, which allegedly caused post-traumatic stress disorder, anxiety and depression (TR 57-58). She worked until February 2001 (TR 58), and her insured status for purposes of receiving disability benefits expired on March 31, 2003 (TR 17). Plaintiff testified that she would not have been able to perform a simple, sit-down office type job prior to March 2003, because of an inability to sit for extended periods of time. She added that fatigue and impaired concentration would have interfered with her ability to work on a regular basis (TR 559-560).

---

remanded the case for further administrative action of claimant's mental impairments (TR 481-483).

A Vocational Expert, Lawrence Zatkin, classified Plaintiff's past work as sedentary, semi-skilled activity, that imparted some transferable skills (TR 643, 646). The witness testified that there would have been no jobs that claimant could have performed during the relevant period if her testimony were found to be fully credible [2] (TR 644). If she were capable of sedentary work, there were numerous semi-skilled clerical jobs that Plaintiff could have performed with minimal vocational adjustment (TR 646). The Vocational Expert added that the claimant could also have performed her past work as a religious education director prior to March 2003, when her insured status expired, assuming the medical evidence supported a finding that she could sit for 6 of 8 hours, stand for 2 of 8 hours, and lift up to 10 pounds on occasion. Claimant's past work did not require her to stoop, squat, crouch, kneel or climb stairs (TR 646).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired prior to March 2003, as a result of varicose veins, depression, anxiety and post traumatic stress syndrome, but that her condition was not severe enough to meet the Listing of Impairments. The ALJ concluded that, when evaluating all the evidence concerning the mental impairments on or before March 31,

---

[2] The witness explained that Plaintiff's alleged inability to remain on her feet for prolonged periods, as well as her need to lie down on a regular basis, would have precluded all work activity (TR 644).

2003, she did not have any mental impairment which would significantly interfere with her ability to perform skilled work on a sustained basis. The ALJ recognized, however, that the claimant's leg pain precluded her from performing jobs requiring prolonged walking. He further found that Plaintiff was unable to stoop, squat, crouch, kneel or climb stairs. Nevertheless, the ALJ found that Plaintiff retained the residual functional capacity to perform a significant number of sedentary jobs, including her past work as a religious education director, prior to March 2003, when her insured status expired.

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff does not challenge the ALJ's finding that she remained physically capable of performing sedentary work prior to March 2003. She argues that the Law

Judge's residual functional capacity evaluation failed to take into account the functional limitations caused by her emotional problems during the relevant time. Defendant counters that Plaintiff did not even seek mental heath treatment until three months after the expiration of her insured status. As a result, Defendant contends that the Law Judge did not have to include mental limitations in his residual functional capacity finding.

### INSURED STATUS REQUIREMENT FOR DIB BENEFITS

A "period of disability" can only commence while an applicant is fully insured. 42 U.S.C. § 416(I)(2). The parties agree that the Plaintiff's insured status for purposes of receiving DIB benefits expired on March 31, 2003, and thus she cannot be found disabled unless she can establish a disability prior to that date. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Evidence relating to a later time period is only minimally probative, Siterlet v. Secretary, 823 F.2d 918, 920 (6th Cir. 1986), and is only considered to the extent it illuminates claimant's health before the expiration of insured status. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988). In other words, regardless of the seriousness of her present disability, Plaintiff must prove that she was disabled prior to March 31, 2003, when her insured status expired, in order to be entitled to DIB benefits. Garner v. Heckler, 745 F.2d 383, 390 (6th Cir. 1984).

### DISCUSSION AND ANALYSIS

Substantial evidence existed on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional capacity prior to March 2003, for a restricted range of sedentary work that did not require prolonged walking or performing any stooping, squatting, crouching, kneeling or the climbing of stairs. The medical evidence, as a whole, failed to provide objective support for Plaintiff's allegations of severe and totally disabling emotional impairments prior to March 2003.

The medical record during the relevant period contained little objective medical basis for crediting Plaintiff's complaints of disabling symptoms related to anxiety, depression and post traumatic stress disorder (PTSD). It is undisputed that Plaintiff did not seek mental health treatment until June 2003, approximately three months after the expiration of her insured status. Once she did seek treatment, she told examiners that her symptoms had worsened in April 2003, after the date of last insured (TR 391).

Claimant's treating psychologist, Mariam Gilliam, M.A., confirmed on June 13, 2003, that claimant's PTSD symptoms had only worsened in the last two months (TR 391). While Plaintiff experienced "low moods", the psychologist stated that the symptoms were not as severe as major depression (TR 369). Ms. Gilliam evaluated claimant's Global Assessment of Functioning (GAF) score at between 53 and 58 during the past year[3], which indicates just

---

[3]While Plaintiff argues that the GAF score assessed by her counselor "strongly suggested mental limitations", Ms. Gilliam never indicated that she was making a retroactive statement. The treating psychologist had no basis to form an opinion about claimant's mental functioning prior to June 2003, because she had

7

moderate, not severe, difficulties in social, occupational or school functioning (TR 369).

The treating psychologist reported that Plaintiff felt better after being given an increased dose of Prozac (TR 357). Claimant continued to report mental health improvement at her counseling sessions between July and November 2003 (TR 338-355). A state agency psychologist, who reviewed the medical record in December 2003, indicated that there was insufficient evidence of mental impairment prior to the date of last insured (TR 110).

The Law Judge considered Plaintiff's sparse mental health treatment as a factor in concluding that her emotional problems were not as severe as she alleged prior to March 2003. The ALJ correctly noted that Plaintiff began experiencing PTSD after her 1988 automobile accident, but she was able to perform her skilled work as a religious education coordinator for many years afterward (TR 19). As a result, the Administrative Law Judge developed a residual functional capacity finding that contained only exertional and postural limitations, and excluded limitations related to claimant's mental impairments.[4]

---

never treated her before then.

[4] Plaintiff places great reliance on the fact that the ALJ included mental impairments among the list of severe impairments at step two of the sequential evaluation process. However, step two is "a de minimis hurdle". Farris v. Secretary of Health and Human Services, 773 F.2d 85, 89-90 (6th Cir. 1985). The mere existence of an impairment does not mean that the ALJ was required to find that claimant's emotional difficulties were severe enough to be disabling prior to the expiration of insured status

Given the lack of objective clinical evidence of mental disability during the relevant period, the Administrative Law Judge could reasonably find that Plaintiff's exertional and postural difficulties prior to March 31, 2003 did not prevent her from performing a reduced range of sedentary work, including her past work as a religious education director. There was medical evidence on both sides and, having examined it, the undersigned cannot say that the Commissioner's conclusion was not supportable. In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms relating to her leg pain and emotional difficulties prior to March 31, 2003, were not fully credible.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir.

1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

     Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

```
                         s/ Mona K. Majzoub
                         MONA K. MAJZOUB
                         UNITED STATES MAGISTRATE JUDGE
```

DATED: August 29, 2011

### PROOF OF SERVICE

    I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 29, 2011        s/ Lisa C. Bartlett
                                         Case Manager